# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DANIEL OLIVERAS,

      Plaintiff,

v.

                                     Case No. 6:25-cv-2144-JA-NWH

LIBERTY MUTUAL FIRE
INSURANCE COMPANY,

      Defendant.

_____

## ORDER

This case is before the Court on Defendant's motion to dismiss and alternative motion to strike (Doc. 6) and Plaintiff's response (Doc. 19). Based on the Court's review of the parties' submissions, the motion must be denied.

## I.    BACKGROUND

Plaintiff, Daniel Oliveras, obtained property insurance through Defendant, Liberty Mutual Fire Insurance Company, to cover real property located in Orlando, Florida. (Doc. 1-1 at 1). The property sustained damage during an October 2024 hurricane, which Plaintiff timely reported to Liberty Mutual. (*Id.* at 2). Liberty Mutual allegedly failed to adjust the claim in accordance with the terms of Plaintiff's policy. (*Id.*). Plaintiff then brought this action in state court against Liberty Mutual for breach of contract (Count I) and for a declaratory judgment under the Florida Declaratory Judgment Act,

§§ 86.011 *et seq.*, Fla. Stat. (Count II).

Liberty Mutual removed this case pursuant to 28 U.S.C. § 1441, invoking this Court's diversity jurisdiction. (Doc. 1). Liberty Mutual then answered Count I of the complaint, (Doc. 5), and simultaneously filed a motion to dismiss and alternative motion to strike Count II, (Doc. 6), arguing that Count II is redundant to Count I.

## II.    LEGAL STANDARDS

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). In considering a Rule 12(b)(6) motion to dismiss, a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *LaGrasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

2

## III.  DISCUSSION

### A.    Timeliness of the Motion to Dismiss

The Court must first address the propriety of the filing of Liberty Mutual's motion. In the Eleventh Circuit, "[a]n [a]nswer filed contemporaneously with the filing of a [m]otion to [d]ismiss renders the motion moot and makes it 'procedurally impossible for the Court to rule on the motion to dismiss.'" *Smith v. Bank of Am., N.A.*, No. 2:11-cv-676-FtM, 2014 WL 897032, at *9 (M.D. Fla. Mar. 6, 2014) (quoting *Brisk v. City of Miami Beach*, 709 F. Supp. 1146, 1147 (S.D. Fla. 1989)). A motion to dismiss under Rule 12(b) "must be made before pleading." Fed. R. Civ. P. 12(b). For this reason, "a majority of federal courts have determined that a Rule 12(b) motion to dismiss tolls the time for a defendant to answer, even when not all the counts in the complaint are the subject of the Rule 12(b) motion to dismiss." *Jacques v. First Liberty Ins. Corp.*, No. 8:16-cv-1240-T-23TBM, 2016 WL 3221082, at *1 n.1 (M.D. Fla. June 9, 2016) (collecting cases); *see also* Fed. R. Civ. P. 12(a)(4)(A) (explaining that a Rule 12 motion tolls the time for the moving party to serve a responsive pleading).

District court responses to a simultaneously filed answer and motion to dismiss have not been uniform. Some district courts "routinely deny motions to dismiss as moot which are filed simultaneously with or after an answer is filed." *Walker v. Mead*, No. 6:13-cv-1894-Orl, 2014 WL 2778162, at *3 (M.D. Fla. June 18, 2014) (collecting cases). Others have converted untimely Rule 12(b)(6)

3

motions to dismiss into Rule 12(c) motions for judgment on the pleadings. *See, e.g., Thornton v. City of St. Petersburg*, No. 8:11-cv-2765, 2012 WL 2087434, at *2 (M.D. Fla. Jun. 8, 2012); *Alilin v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-1183-Orl, 2014 WL 7734262, at *3 (M.D. Fla. Jan. 30, 2014); *Byron v. Nat'l R.R. Passenger Corp.*, No. 6:14-cv-1370-Orl, 2015 WL 13792224, at *2 (M.D. Fla. Jan. 14, 2015). Still others have struck the earlier-filed answer and allowed the motion to dismiss. *See, e.g., Askan v. FARO Techs., Inc.*, No. 6:23-cv-920, 2024 WL 1773273, at *1 (M.D. Fla. Apr. 24, 2024).

Here, Liberty Mutual simultaneously filed an answer to Count I—without answering Count II—and a motion to dismiss Count II. The Court assumes Liberty Mutual was acting in good faith and that it believed it was expediting the case by filing a partial answer to the complaint while its partial motion to dismiss was pending. But the pleadings are considered closed "when a complaint and answer have been filed." *Lillian B. ex rel. Brown v. Gwinnett Cnty. Sch. Dist.*, 631 F. App'x 851, 853 (11th Cir. 2015).[1] And once the pleadings are closed, "[a]n allegation . . . is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6). To discourage piecemeal adjudication, the federal rules provide no mechanism for a defendant to file a

---

[1] In the Eleventh Circuit, "unpublished decisions . . . bind no one," *Ray v. McCullough Payne & Haan, LLC*, 838 F.3d 1107, 1109 (11th Cir. 2016), but "may be cited as persuasive authority," 11th Cir. R. 36-2.

4

second answer if a partial motion to dismiss—filed simultaneously with a partial answer—is ultimately denied.

However, district courts possess "broad discretion . . . in managing their cases." *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002). And "[s]triking pleadings under Rule 12(f) is a matter committed to the court's sound discretion." *Alms v. Luminar Techs., Inc.*, No. 6:23-cv-982, 2025 WL 1531146, at *1 (M.D. Fla. May 29, 2025) (citing *McCorstin v. U.S. Dep't of Lab.*, 630 F.2d 242, 244 (5th Cir. 1980)).[2] Accordingly, the Court—noting that Plaintiff did not raise this issue in his response to the motion to dismiss and finding that he would not be prejudiced—will exercise its discretion to strike the answer, address the merits of the motion to dismiss below, and afford Liberty Mutual an opportunity to file a responsive pleading to the complaint in its entirety after disposition of the motion to dismiss.

## B.    Declaratory Judgment

Plaintiff, having initially filed this case in Florida circuit court, brings Count II under the Florida Declaratory Judgment Act. §§ 86.011 *et seq.*, Fla. Stat. (Doc. 1-1 at 3–7). However, "Florida's Declaratory Judgment Act . . . is a procedural mechanism that confers subject matter jurisdiction on Florida's

---

[2] Decisions of the United States Court of Appeals for the Fifth Circuit handed down on or before September 30, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

circuit and county courts; it does not confer any substantive rights." *Coccaro v. Geico Gen. Ins. Co.*, 648 F. App'x 876, 880–81 (11th Cir. 2016) (collecting cases). Accordingly, "[b]ecause the Florida Declaratory Judgment Act is procedural as opposed to substantive," federal district courts must "'apply the [federal] Declaratory Judgment Act, 28 U.S.C. [§]§ 2201 *et seq.*'" *Id.* at 881 (alteration in original) (quoting *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1138 n.3 (11th Cir. 2005)). Thus, this Court must "construe [the state declaratory judgment act claim] as if it were asserted under the federal Declaratory Judgment Act and apply federal law." *Clark v. Rockhill Ins. Co.*, No. 6:18-cv-780-Orl-37KRS, 2018 WL 4926487, at *3 (M.D. Fla. Sept. 21, 2018), *report and recommendation adopted*, 2018 WL 4924348 (M.D. Fla. Oct. 10, 2018).

Under the federal Declaratory Judgment Act, a court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Indeed, "the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Smith v. Casey*, 741 F.3d 1236, 1244 (11th Cir. 2014); *see also* 28 U.S.C. § 2201(a) (providing that district courts "may" exercise jurisdiction over a declaratory judgment claim"). However, "'a trial court should not entertain an action for declaratory judgment on issues which are properly raised in other counts of the pleadings and already before the court, through which the plaintiff

6

will be able to secure full, adequate and complete relief.'" *Turco v. Ironshore Ins. Co.*, No. 2:18-cv-634-FtM, 2018 WL 6181348, at *1 (M.D. Fla. Nov. 27, 2018) (quoting *Seigel v. Provident Life & Accident Ins. Co.*, No. 8:16-cv-584, 2016 WL 4059248, at *2 (M.D. Fla. July 27, 2016)).

Liberty Mutual moves to dismiss the declaratory judgment claim because it is "duplicative of Count I for breach of contract as Plaintiff merely seeks the same determination of coverage under both Counts in order to attain monetary relief from Liberty Mutual." (Doc. 6 at 6–7). Liberty Mutual argues that Plaintiff's suit is about the determination of coverage under the policy, which Liberty Mutual argues Plaintiff will obtain via adjudication of Count I for breach of contract. (*Id.* at 7). In support of this theory, Liberty Mutual analyzes multiple cases in which declaratory judgment claims were dismissed as redundant of breach of contract claims. (*Id.* at 4–6 (citing *Regency of Palm Beach, Inc. v. QBE Ins. Corp.*, No. 08-81442-CIV, 2009 WL 2729954, at *1–2 (S.D. Fla. Aug. 25, 2009); *Eisenberg v. Standard Ins. Co.*, No. 09-80199-CIV, 2009 WL 3667086, at *1 (S.D. Fla. Oct. 26, 2009); *Fernando Grinberg Tr. Success Int'l Props. LLC v. Scottsdale Ins. Co.*, No. 10-20448-CIV, 2010 WL 2510662 (S.D. Fla. June 21, 2010))). However, Plaintiff asserts that he seeks "additional relief" through his request for declaratory judgment beyond that which would necessarily be adjudicated in his breach-of-contract claim. (Doc. 19 at 6).

"District courts in the Eleventh Circuit have ruled both ways on this issue." *Turco*, 2018 WL 6181348, at *2. Because the decision to entertain a declaratory claim is discretionary, some courts dismiss claims for declaratory relief where the plaintiff also alleges a sufficient and related breach of contract claim. Other courts allow claims for declaratory relief to travel with a claim for breach of contract." *Devs. Sur. & Indem. Co. v. Archer W. Contractors, LLC*, No. 6:16-cv-1875, 2017 WL 6947785 at *4 (M.D. Fla. Apr. 17, 2017), *report and recommendation adopted*, 2017 WL 8314655 (M.D. Fla. May 11, 2017).

At this stage of litigation, the Court will exercise its discretion to allow both claims to proceed. As pleaded, the claims are slightly different. In Count I, Plaintiff seeks payment for the damage to his property as well as costs and interest. (Doc. 1-1 at 3). In Count II, Plaintiff requests the Court to construe the policy and determine Plaintiff's rights, which includes—but may not necessarily be limited to—coverage for damage to the property. It could be that the two claims ultimately are redundant, but "a motion to dismiss tests a claim's plausibility—not redundancy." *Turco*, 2018 WL 6181348, at *2. Moreover, "[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate." Fed. R. Civ. P. 57. The Court will reject the motion to dismiss because "[w]hether the breach of contract claim subsumes that claim is better resolved at summary judgment." *Turco*, 2018 WL 6181348, at *2; *see also Powers v. Hartford Ins. Co. of the Midwest*, No. 8:10-cv-1279-T,

2010 WL 2889759, at *3 (M.D. Fla. July 22, 2010) (explaining that "the existence of factual issues . . . does not preclude declaratory relief").

Having found that the declaratory judgment count plausibly states a claim, the Court must deny Liberty Mutual's alternative motion to strike. "'A motion to strike is a drastic remedy,' which is disfavored by the courts and 'will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" *Harris v. Torus Nat'l Ins. Co.*, No. 8:14-cv-1001-T, 2014 WL 3053257, at *2 (M.D. Fla. July 7, 2014) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty.*, 306 F.2d 862, 868 (5th Cir. 1962)). Liberty Mutual has made no such showing.

## IV.    CONCLUSION

For the reasons explained above, it is **ORDERED** that Defendant's motion to dismiss and alternative motion to strike (Doc. 6) is **DENIED**. Defendant's answer to the complaint (Doc. 5) is **STRUCK**. Defendant may file an answer to both counts of the complaint on or before February 20, 2026.

**DONE** and **ORDERED** in Orlando, Florida, on February 9, 2026.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

9